IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMES E. MORRIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 16-2922-STA-egb |
| ) | |
| ROBERT MOORE, Chief; SHIRLEY ) | |
| HAYSLETT, Manager of Aramark; and ) | |
| ARAMARK FOOD SERVICES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER DISMISSING CLAIMS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On November 23, 2016, Plaintiff James E. Morris ("Morris"), then an inmate at the Shelby County Correction Center in Memphis, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)[1] The Court granted Morris leave to proceed *in forma pauperis* and assessed the filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) On December 8, 2016, Morris addressed a letter to the Court, stating Morris's intention to terminate his claim against another Defendant, Chief Hammond. (ECF. No. 7.) Therefore, the Clerk shall record the Defendants as Aramark Food Services, Aramark Manager Shirley Hayslett, and Chief Robert Moore.

---

[1] On May 1, 2018, Morris filed a notice of change of address. The Clerk is directed to update the docket with Morris's new mailing address: 8122 Green Belt Dr., Memphis, TN 38125.

## BACKGROUND

Morris alleges that between January 15, 2015, and February 10, 2015, he worked for Aramark Food Services in the tray area at the Shelby County Jail. (Compl. at 2, ECF No. 1). While he was performing his duties, a stack of food trays fell from a cart and landed on Morris. (*Id*.) Morris alleges that he suffered injuries to his hand, neck, and back. (*Id*.) Morris seeks to hold Defendants liable for these injuries due to the lack of supervision and training by Aramark on how to place trays safely on a cart and because the floor was wet and slippery at the time of the accident. (*Id.*) Morris seeks compensation for his medical bills and compensatory and punitive damages for his pain and suffering. (*Id.* at 3.)

Morris has also included with his Complaint a copy of a grievance in which he alleges that jail officials violated his privacy by discussing Morris with others at the jail and would not allow Morris to speak with a counselor during her sessions in Morris's pod. (Grievance No. 418965, ECF No 1-1.) In a separate letter addressed to the Court, Morris further alleges that unnamed jail officials have denied Morris legal assistance in pursuing his claims in retaliation against him for his grievance. (Letter at 2, ECF No. 4.)

## SCREENING AND STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the pleading standards under Federal Rule of Civil Procedure 12(b)(6)

announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And district courts are not required "to ferret out the strongest cause of action on behalf of *pro se* litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

## ANALYSIS

Morris filed his Complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects,

> or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). In this case the Court holds that Morris has failed to state a plausible claim for relief against any of the Defendants named in his suit. The Court will analyze the merits of the claims as to each Defendant.

**I. Claims against Aramark Food Services and Manager Shirley Hayslett**

To the extent that Morris alleges a claim against Aramark Food Services and Aramark manager Shirley Hayslett, the Court holds that the Complaint has failed to state a constitutional claim. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). Just as a private corporation carrying out other state functions at a jail may act under color of law, Aramark's act of providing food service at the jail is state action for purposes of § 1983. To hold Aramark liable under § 1983, Morris "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). By the same token, Morris cannot hold Aramark liable for the violation of his constitutional rights "under a theory of respondeat superior." *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18. At best, Morris alleges that Aramark should be liable for the negligence of others, perhaps including its own employees.

However, in the absence of some allegation that Aramark's policy or custom was the moving force behind a constitutional injury, Morris has failed to state a claim against Aramark.

The only Aramark employee named in the Complaint is Aramark's manager Shirley Hayslett. But Morris fails to allege that Ms. Hayslett took any action or failed to take in action to cause the accident with the food trays. In other words, Morris does not allege that Hayslett had any personal involvement in the accident, an essential element of any § 1983 claim. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Therefore, Morris's claims against Aramark and Ms. Hayslett must be **DISMISSED**.

## II. Claims Against Chief Robert Moore

This leaves Chief Robert Moore as the only named Defendant remaining. However, just as Morris failed to allege that Ms. Hayslett had any personal involvement in his accident, Morris has not alleged any facts to show why Chief Moore should be liable for his injuries. Without more, the Complaint fails to state a claim against Chief Moore. Therefore, Morris's claim against Chief Moore is **DISMISSED**.

## III. Eighth Amendment Claims: Cruel and Unusual Punishment

Alternatively, even if Morris had alleged that a specific defendant was liable for the food trays falling on him, his allegations do not plead the necessary elements of a § 1983 claim. Claims concerning a prisoner's physical safety implicate the Eighth Amendment's prohibition on cruel and unusual punishment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). But in this case a wet and slippery floor or a negligently arranged stack of food trays do not constitute a sufficiently serious threat to inmate safety. *Id*. The

Complaint's allegations about the conditions causing Morris's injuries sound in tort and suggest no more than simple negligence. This is simply not the type of serious risk of harm that violates contemporary standards of decency and rises to the level of a constitutional tort. *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

And even if these conditions did implicate Morris's constitutional rights, Morris has alleged no facts to satisfy the subjective component of an Eighth Amendment claim. The subjective component requires that the official act with a "sufficiently culpable state of mind," that is, a deliberate indifference to a risk to inmate safety. *Farmer*, 511 U.S. at 834. Morris does not allege that any Aramark employee or jail official created the problem with the wet floor, knew about and disregarded the slippery floor before the trays fell, or were responsible for the training or supervision of those who placed the trays on the cart. Morris has only alleged that some unnamed party may have acted negligently. These facts fail to state a plausible claim of cruel and unusual punishment.

Morris's Complaint and other filings can be read to allege a claim for threats received from jail officials. A "defamatory" comment or verbal threat simply does not satisfy the objective component of an Eighth Amendment claim. *See, e.g., Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for prison guard's "derogatory language"). Therefore, Morris's Complaint does not state a claim based any jail official's verbal threats.

**IV. First Amendment Claims for Denial of Access to Court and Retaliation**

In his grievance, Morris alleges that unnamed jail officials have denied him access to legal assistance. The First Amendment guarantees an inmate's right of access to the courts. "It is now established beyond doubt that prisoners have a constitutional right of access to the

courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The Supreme Court has explained the contours of this right as follows:

> "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. However, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (inmates' First Amendment right of access to the courts "extends to direct appeal, habeas corpus applications, and civil rights claims only").

To have standing to pursue a First Amendment claim based on the denial of access to the courts, Morris must allege "an 'actual injury,' i.e., that the conduct [of prison officials] hindered his efforts to pursue a nonfrivolous legal claim." *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citation omitted). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). But Morris has alleged no such conduct to support his denial of access to the courts claim. Morris has not alleged that jail officials have prevented him from pursuing his claims, only that they have not provided all of the assistance Morris would prefer to receive. This does not state a plausible First Amendment claim.

The Complaint specifically alleges that certain unnamed parties retaliated against Morris for filing a grievance. "Retaliation on the basis of a prisoner's exercise of his First Amendment

rights violates the Constitution." *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005). In order to plead such a cause of action, Morris must allege three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X*, 175 F.3d at 394. "If the plaintiff is able to make such a showing, the defendant then has the burden of showing that the same action would have been taken even absent the plaintiff's protected conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

For the same reasons that Morris has not stated a claim for denial of access to the courts, Morris has not alleged a plausible claim for retaliation. The Complaint does not show that Morris suffered an injury. On the contrary, Morris has filed his suit and otherwise does not appear to undeterred in pursuing his judicial complaint. And as with Morris's negligence claims, the Complaint itself does not identify any jail official responsible for the alleged retaliation. For these reasons, Morris's First Amendment claims must be **DISMISSED**.

## V. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his Complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court has no reason to find that an opportunity to amend would save Morris's claims. The Complaint has alleged no facts to show why any of the Defendants named in the suit should be held liable for Morris's injuries. All of Morris's legal claims are more properly seen as claims for common negligence under state law, not federal claims for the violation of Morris's constitutional rights. Even if the Court gave Morris leave to amend his pleadings, no amendment could cure these defects. Insofar as Morris alleges additional claims

8

related to his grievance and the retaliation from jail officials over the grievance, nothing in the record shows how these putative claims relate to Morris's basic claim in tort for the food trays falling on him at the jail. Morris vaguely alleges that jail officials have violated his privacy and possibly denied him access to legal assistance. However, none of these facts bear any connection to Morris's claim about the food trays falling on him. Therefore, leave to amend is **DENIED**.

## VI. Motion to Appoint Counsel

This leaves Morris's Motion to Appoint Counsel (ECF No. 13) filed on December 18, 2017. In light of the Court's decision to dismiss Morris's Complaint, his Motion to Appoint Counsel is **DENIED** as moot.

## APPEAL ISSUES

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Morris in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service of process but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Morris would not be taken in good faith.

The Court must next address the assessment of the $505 appellate filing fee if Morris nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good

faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. Therefore, Morris is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

## CONCLUSION

The Court **DISMISSES** Morris's Complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is **DENIED** because the deficiencies in Morris's Complaint cannot be cured.

For purposes of 28 U.S.C. § 1915(g), this is the second dismissal of one of Morris's cases as frivolous or for failure to state a claim.[2] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). The Clerk is directed to prepare a judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 13, 2018.

---

[2]*See Morris v. Luttrell, et al.*, No. 2:06-cv-2085-BBD-sta, (W.D. Tenn. July 7, 2006) (dismissed for failure to state a claim).